UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY JOHN FOX,<br><br>   Plaintiff,<br><br> - against -<br><br>BERMUDA REALTY NO. 2 LLC,<br><br>   Defendant. | **COMPLAINT FOR INJUNCTIVE RELIEF FOR DISABILITY DISCRIMINATION**<br><br>CASE NO.:<br><br>JURY TRIAL: \_\_\_ YES  _X_  NO |

  Plaintiff, ANTHONY JOHN FOX, by and through the undersigned counsel, hereby sues BERMUDA REALTY NO. 2 LLC (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG") and the New York Civil Rights Law, and alleges as follows:

## JURISDICTION

  1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202) and also jurisdiction under 28 U.S.C. §1367 for Plaintiff's claims under the New York Civil Rights Law for disability discrimination.

## PARTIES

  2. Plaintiff is a resident of and resides within this judicial district in the Bronx, New York, is *sui juris*, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or full and equal

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was restricted and/or limited because of these disabilities, and will be restricted and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3. Completely independent of Plaintiff's personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of Plaintiff, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.  Plaintiff personally visits the public accommodation where Plaintiff knows or where it has been reported that illegal barriers to access exist; engages barriers to access that Plaintiff is able to access or has barriers reported, documented and/or photographed; and tests barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action  to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits for personal reasons, Plaintiff also intends to revisit the premises to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4. In this instance, Plaintiff, individually and for personal reasons, and also as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

5. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

6. Defendant transacts business in this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Atlantic Plaza, located at or about 1720 Atlantic Avenue, Brooklyn, NY 11213 (hereinafter, the "Facility").

## COUNT I: VIOLATION OF THE ADA

7. Plaintiff relleges and reavers all prior allegations as if set forth in full herein.

8. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. § 12101, *et seq*.

9. Congress found, among other things, that:

   (i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

   (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

11. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

12. The Facility is a public accommodation and service establishment.

13. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. § 36.508(a).

14. The Facility must be, but is not, in compliance with the ADA and ADAAG.

15. Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

16. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

18. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

   1. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities in violation of Section 36.211 of the ADAAG.

   Accessible Routes

   2. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.1 and 206.2.2 of the 2010 Standards, which remedy is readily achievable.

3. There are entrance doors at this facility that do not provide compliant directional and informational signage, including the International Symbol of Accessibility, in violation of Sections 216.6 and 703.7.2.1 of the 2010 Standards, which remedy is readily achievable.

4. There are doors at the facility that do not provide the minimum maneuvering clearance required in §404.2.4.1 of the 2010 Standards, which remedy is readily achievable.

5. There are curb ramps at the facility that contain upper landings that do not comply with §406.4 of the 2010 Standards, which remedy is readily achievable.

6. There are curb ramps that have uneven surfaces as well as a change in level at the lower or upper terminus of the ramp in violation of Sections 303.3 and 405.4 of the 2010 Standards, which remedy is readily achievable.

7. There are walking surfaces at the facility that contain cross slopes greater than the maximum allowance, in violation of Section 403.3 of the 2010 Standards, which remedy is readily achievable.

8. There are sections of the accessible route where the clear width is reduced to less than the minimum required in §403.5.1 of the 2010 Standards, which remedy is readily achievable.

9. The hardware that is provided for some of the tenant space entry doors does not comply with the requirements of §§309.4 and 404.2.7 of the 2010 Standards, which remedy is readily achievable.

General Sites and Building Elements

1. The designated accessible parking spaces are not dispersed and located on the shortest accessible route closest to the accessible entrance in violation of Section 208.3.1 of the 2010 Standards, which remedy is readily achievable.

2. There are some designated accessible parking spaces with access aisles that do not lead to an accessible route in violation of Section 502.3 of the 2010 Standards, which remedy is readily achievable.

3. Some of the designated accessible parking spaces do not have signs identifying them as accessible parking; in violation of Sections 216.5, 502.6 and 703.7.2.1 of the 2010 Standards, which remedy is readily achievable.

4. The facility lacks a "Van" designated accessible parking space, in violation of Section 208.2.4 and 502 of the 2010 Standards, which remedy is readily achievable.

5. Some of the signs identifying the designated accessible parking spaces are not mounted 60" above the ground to the bottom of the sign in violation of Section 502.6 of the 2010 Standards.

6. Some of the designated accessible parking spaces have faded paint and have not been maintained, in violation of Section §36.211 of the 2010 Standards, which remedy is readily achievable.

7. There are designated accessible parking spaces at the facility that do not provide the required 60" wide access aisle the full length of the parking space; in violation of Sections 502 and 502.3 of the 2010 Standards, which remedy is readily achievable.

8. There are dining surfaces at this facility that lack appropriate clear floor or ground space and lack proper knee and toe clearance in violation of Section 902.2 of the 2010 Standards, which remedy is readily achievable.

9. There are sales counters provided in some tenant spaces whose height exceeds the maximum allowed in §904.4.1 of the 2010 Standards, which remedy is readily achievable.

10. There are food service counters provided in some tenant spaces exceeds the maximum allowed in §902.3 of the 2010 Standards, which remedy is readily achievable.

19. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

20. Plaintiff has attempted to gain access to the Facility, but because of Plaintiff's disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

21. The removal of the physical barriers, dangerous conditions and ADA violations set forth

herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

23. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

24. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

WHEREFORE, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing the discriminatory practices set forth herein, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff reasonable attorney's fees, litigation expenses and costs.

## COUNT II: VIOLATION OF THE NEW YORK CIVIL RIGHTS LAW

25. Plaintiff relleges and reavers all prior allegations as if set forth in full herein.

26. New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or **disability** or marital status of any person, directly or indirectly.....[to

deny] such person any of the accommodations, advantages, facilities or privileges thereof ........ N.Y. Exec. Law Section 296(2)(a).

27. For the purposes of the foregoing paragraph, "discriminatory practice" includes:

    A. A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

    B. A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

    C. A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

28. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

29. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish, and other injuries.

30. Defendant's Facility is a place of public accommodation. N.Y. Civ. Rights Law §40.

31. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

32. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the

violation of any said provisions … shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved … thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside... also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

33. Plaintiff, visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks statutory damages under §41.

34. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, because of his disability, the full enjoyment of its property.

35. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Respectfully submitted,

By: /s/Edward N. Garno, Esq.
Edward N. Garno, Esq.
147 Central Street, Suite 213
Lowell, Massachusetts 01852
Telephone: (978) 687-7805
Facsimile: (978) 446-1311
E-mail: nedgarno@hotmail.com
Massachusetts Bar No.: 564378
Lead Trial Counsel for Plaintiff

By: /s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Todd W. Shulby, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Florida Bar No.: 068365
Co-Counsel for Plaintiff